UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES MILLS M.D.,<br><br>       Plaintiff,<br><br>       v.<br><br>BAYHEALTH MEDICAL CENTER.,<br><br>       Defendant. | Case No. 1:23-cv-01009-GBW |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant Bayhealth Medical Center ("Bayhealth") hereby sets forth its answer and affirmative defenses to Plaintiff's Complaint.

**ANSWER TO COMPLAINT**

**INTRODUCTION**

1. Admitted in part and denied in part. It is admitted only that Plaintiff filed this action and has alleged violations of and/or asserted civil claims for the Delaware Whistleblowers' Protection Act ("DWPA"), the anti-retaliation provisions of the Federal False Claims Act ("FCA") and the Delaware False Claims Act ("DFCA"), breach of the Implied Covenant of Good Faith and Fair Dealing, and Civil Conspiracy. Bayhealth denies that its conduct violated any of the referenced statutes, that it violated any of Plaintiff's rights under applicable statutes or common law, and further denies that Plaintiff has any viable cause of action against Bayhealth.

**JURISDICTION**

2. Denied. The averments in paragraph 2 of the Complaint are conclusions of law to which no response is required.

1

3. Denied. The averments in paragraph 3 of the Complaint are conclusions of law to which no response is required.

**PARTIES**

4. Denied. Bayhealth is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 4 of the Complaint.

5. Admitted in part and denied in part. Plaintiff's averments regarding service of process are conclusions of law to which no response is required. The remaining averments in paragraph 5 of the Complaint are admitted.

**ALLEGED FACTS**

6. Admitted.

7. Admitted.

8. Admitted in part and denied in part. It is admitted only that Plaintiff was appointed as Bayhealth's Medical Director of Neurosurgery. All remaining averments are denied.

9. Admitted.

10. Admitted in part and denied in part. It is admitted only that Dr. Mills' September 2017 performance evaluation referenced a meeting with Theresa Latorre-Tegtmeier concerning a hospital practice regarding hospice. It is denied that the averments of paragraph 10 of the Complaint accurately describe the meeting, the practice in question, or the commentary on the meeting in Dr. Mills' September 2017 performance evaluation which is in writing and speaks for itself. By way of further response, and to the extent that the averments in paragraph 10 of the Complaint are intended to aver that Bayhealth engaged in improper billing practices regarding "brain-dead" or "suspected 'brain-dead'" patients, the averments of paragraph 10 of the Complaint are denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied. It is denied that the averments of paragraph 14 of the Complaint accurately quote Dr. Mills' performance evaluation which is a document that speaks for itself. All remaining averments are denied. By way of further response, and to the extent that the averments in paragraph 14 of the Complaint are intended to aver that Bayhealth engaged in improper billing practices regarding "brain-dead" or "suspected 'brain-dead'" patients, the averments of paragraph 14 of the Complaint are denied.

15. Denied.

16. Admitted in part and denied in part. It is admitted only that Plaintiff was removed from the position of Medical Director of Neurosurgery effective January 1, 2018 (and not November 2018). It is denied that Bayhealth engaged in improper billing regarding "brain-dead" or "suspected 'brain-dead'" patients or that Dr. Mills was removed from his position of Medical Director for having complained about allegedly (and non-existent) improper billing practices. All remaining averments are denied.

17. Admitted in part and denied in part. It is admitted only that Plaintiff was removed from the position of Medical Director of Neurosurgery and that, as a result, his overall compensation was reduced. All remaining averments are denied.

18. Admitted in part and denied in part. It is admitted only that Dr. Tartaglione became the new Medical Director in November 2018. All remaining averments are denied.

19. Denied.

20. Admitted.

21. Admitted.

22. Admitted in part and denied in part. It is admitted only that certain billing codes such as Evaluation and Management (or "E&M") codes are billed according to certain criteria including the amount of time spent with a patient, the level of services provided, and the complexity of the medical decision-making involved. It is denied that the general and non-specific averments of paragraph 22 of the Complaint accurately or completely describe either coding in general or the requirements of any specific code.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Admitted in part and denied in part. It is admitted only that Bayhealth is currently unaware of Plaintiff having falsified his billing coding. All remaining averments in paragraph 36, including any averment of any fraudulent billing scheme orchestrated by Dr. Tartaglione or any other Bayhealth physician or representative, are denied.

37. Denied.

38. Admitted in part and denied in part. It is admitted only that productivity was a criteria that could impact Plaintiff's compensation during his tenure at Bayhealth. It is denied that the averments of paragraph 38 of the Complaint accurately describe how Plaintiff's compensation was determined.

39. Admitted in part and denied in part. It is admitted only that Plaintiff was terminated on June 18, 2020. It is denied that Bayhealth engaged in "fraudulent practices" regarding billing, and further denied that Plaintiff was terminated in retaliation either for having reported alleged fraudulent practices or for having failed to comply with alleged fraudulent practices.

### COUNT I
**(Alleged) Violations of Delaware Whistleblowers' Protection Act, 19 Del. C. § 1701 *et. seq.***

40. Paragraphs 1 through 39 of this answer are incorporated in their entirety.

41. Denied. The averments in paragraph 41 of the Complaint are conclusions of law to which no response is required.

42. Denied. The averments in paragraph 42 of the Complaint are conclusions of law to which no response is required.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

SL1 1962789v3 011425.00319

52. Denied.

53. Denied.

## COUNT II
## (Alleged) Violation of the Federal False Claims Act – Retaliation 31 U.S.C. § 3730

54. Paragraphs 1 through 53 of this answer are incorporated in their entirety.

55. Denied. The averments in paragraph 55 of the Complaint are conclusions of law to which no response is required.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## COUNT III
## (Alleged) Violation of the Delaware False Claims Act – Retaliation 6 Del. C. § 1208

66. Paragraphs 1 through 65 of this answer are incorporated in their entirety.

67. Denied. The averments in paragraph 67 of the Complaint are conclusions of law to which no response is required.

68. Denied.

69. Denied.

70. Denied.

6

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

## COUNT IV
### (Alleged) Breach of Implied Covenant of Good Faith and Fair Dealing

78. Paragraphs 1 through 77 of this answer are incorporated in their entirety.

79. Denied. The averments in paragraph 79 of the Complaint are conclusions of law to which no response is required.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

## COUNT V
### (Alleged) Civil Conspiracy

92. Paragraphs 1 through 91 of this answer are incorporated in their entirety.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

WHEREFORE, Defendant Bayhealth Medical Center respectfully requests the Court to enter judgment in its favor together with such costs and fees as are permitted by law.

## **AFFIRMATIVE DEFENSES**

100. Plaintiff's complaint fails to state a claim upon which Plaintiff can recover under either state or federal statutory or common law.

101. Plaintiff is not entitled to recover attorneys' fees and costs.

102. Plaintiff is not entitled to recover penalties under federal or state law.

103. Plaintiff is not entitled to recover punitive damages.

104. The complaint fails to state a claim upon which relief in the form of punitive can be granted because even if Bayhealth's decision to terminate Plaintiff was improper (which is denied), Bayhealth's conduct did not rise to the level which would support an award of punitive damages and any award of punitive damages in this action would violate Bayhealth's constitutional rights including Bayhealth's rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, § 7 of the Delaware Constitution.

SL1 1962789v3 011425.00319

105. Bayhealth is entitled to judgment in its favor because its termination of Plaintiff's employment was not improper or retaliatory in any respect but, rather, was based on legitimate concerns regarding, among other things, problems in Plaintiff's interpersonal relationships with other physicians, physician assistants and other Bayhealth personnel, failure to follow proper protocols (including but not limited to instances of Plaintiff failing to obtain proper informed consent from one or more patients), and various clinical concerns (including but not limited to a number of instances that involved possible allegations of medical malpractice).

106. Plaintiff's claims fail because Bayhealth's actions in terminating Plaintiff's employment were privileged and justified.

107. Some or all of Plaintiff's claims may be barred by a failure to fully or partially mitigate Plaintiff's alleged damages (the existence of which being denied).

108. Even if Plaintiff's termination was improper, which is denied, any damages Plaintiff allegedly suffered (the existence of which being denied) may be offset, reduced or otherwise eliminated by remuneration Plaintiff earned through subsequent employment including but not limited to new employment and/or staff privileges Plaintiff secured at Beebe Healthcare shortly after Bayhealth terminated his employment.

109. Even if Plaintiff's termination was improper, which is denied, any damages Plaintiff allegedly suffered (the existence of which being denied) were not caused or proximately caused by Bayhealth's conduct to the extent that Plaintiff was unable to maintain his subsequent employment and/or staff privileges at Beebe Healthcare or any other healthcare provider due to performance, clinical, or other reasons which would constitute an intervening and/or superseding cause.

SL1 1962789v3 011425.00319

110. Plaintiff cannot state a viable claim for an alleged breach of the implied Covenant of Good Faith and Fair Dealing because, among other things, he was terminated without cause as expressly permitted by his employment agreement.

111. Plaintiff cannot state a viable claim for alleged civil conspiracy because it is barred by the intra-corporate conspiracy doctrine in that a civil conspiracy claim cannot be stated on the basis that Bayhealth allegedly conspired with itself through the actions of its own representatives and agents.

112. Some or all of Plaintiff's claims may be barred by applicable statutes of limitations.

WHEREFORE, Defendant Bayhealth Medical Center respectfully requests the Court to enter judgment in its favor together with such costs and fees as are permitted by law.

Dated: December 1, 2023

/s/ Alexis R. Gambale
Melissa N. Donimirski (#4701)
Alexis R. Gambale (#7150)
**STEVENS & LEE, P.C.**
919 N. Market Street, Suite 1300
Wilmington, DE 19801
T: (302) 425-2619
melissa.donimirski@stevenslee.com
alexis.gambale@stevenslee.com

*Attorneys for Defendant Bayhealth Medical Center*

OF COUNSEL:

STEVENS & LEE, P.C.
E. Thomas Henefer
111 N. Sixth Street
Reading, PA 19601
Tel: (610) 478-2223
e.thomas.henefer@stevenslee.com

10

## CERTIFICATE OF SERVICE

I, Alexis R. Gambale, Esquire, certify that on this date the foregoing *Answer and Affirmative Defenses* was filed electronically on the CM/ECF website for the District Court for the District of Delaware and is available for viewing by all electronic filers through the court's CM/ECF system including the following counsel of record:

Michele D. Allen (#4359)
**ALLEN & ASSOCIATES**
4250 Lancaster Pike, Suite 230
Wilmington, DE 19805

Dated: December 1, 2023

By: */s/ Alexis R. Gambale*
Alexis R. Gambale

1